UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| *In re:*  )  | |
| *I80 Equipment, LLC*  )  | Case No. 17-81749 |
| )  | |
| Debtor(s).  )  | Chapter 7 |
| _____ )  | |
| )  | |
| *Jeana K. Reinbold, solely as Chapter 7*  )  | |
| *Trustee of the Estate of I80 Equipment, LLC*  )  | |
| )  | |
| Plaintiff,  )  | |
| )  | |
| v.  )  | AP. No. 19-08122 |
| )  | |
| *Walmart, Inc. d/b/a WAL-MART and SAM'S*  )  | |
| *CLUB, a Delaware corporation, SAM'S*  )  | |
| *EAST, INC. d/b/a SAM'S CLUB, an*  )  | |
| *Arkansas corporation, SAM'S WEST, INC.*  )  | |
| *d/b/a SAM'S CLUB, a Delaware*  )  | |
| *corporation and SAM'S WEST, INC. d/b/a*  )  | |
| *SAM'S CLUB, an Arkansas corporation,*  )  | |
| )  | |
| Defendants.  )  | |
| )  | |

**DEFENDANTS' REPLY MEMORANDUM OF LAW
<u>IN SUPPORT OF THE MOTION TO DISMISS</u>**

COME NOW the Defendants (collectively, "Walmart" or the "Walmart Entities") and state their Reply Memorandum in Support of their Motion to Dismiss under Federal Rule of Bankruptcy Procedure 7012(b) and Federal Rule of Civil Procedure 12(b):

**Introduction**

Plaintiff Jeana Reinbold, in her capacity as Trustee for the Estate of Debtor I80 Equipment, LLC (the "Trustee" for the "Debtor") alleges a scheme of actual and constructive fraudulent transfers under 11 U.S.C. § 548(a)(1). Based on a common sense reading of the Complaint, even viewing the facts in the Trustee's favor, the Trustee alleges that the Debtor

13001699.3

purchased goods from Walmart stores and Sam's Clubs owned by the Walmart Entities (the "Debtor–Walmart Transfers"). Instead of Debtor retaining those goods as assets, the goods were transferred to Debtor's sole owner, Erik Jones, and two other entities that Jones wholly owns (the "Debtor–Jones Transfers").

The Trustee's Response (Doc. 13) presses its view of the world: that the purportedly fraudulent transactions were bundled into one as a series of three-party transactions, wherein the Debtor paid Walmart and Walmart transferred the goods to Jones and his entities. Walmart concedes that the Trustee *alleges* this in the Complaint. But Walmart submits that this is a mere conclusion unsupported by the other well-pled facts. A common-sense reading of the Complaint — identifying standard retail transactions at Walmart stores and Sam's Clubs — does not support the Trustee's conclusion, and the Trustee' s exhibits refute such a conclusion.

Instead, there were two types of transfers, the Debtor–Walmart Transactions and the Debtor–Jones Transactions. Walmart was not involved in the allegedly fraudulent ones. Therefore, the Complaint fails. Additionally, the Complaint fails because the counts for actual and constructive fraud fail to satisfy the Trustee's heightened burden to plead fraud. Thus, the Motion to Dismiss must be granted in full.

**Argument**

1.  **There were two transfers: (1) Debtor's purchase of goods from the Walmart Entities and (2) Debtor's transfer of the goods to Jones, Jones Lease, and JP Rentals.**

The Trustee first argues that the Motion attempts to improperly raise questions of fact. (Doc. 13, p. 5.) Continuing, the Trustee asserts, "[t]he Complaint expressly alleges that the Debtor fraudulently transferred $33,353.44 of its funds to the Defendants in return for value provided to Jones Lease, JP Rentals and /or Jones, not to the Debtor." (Doc. 13, p. 5.)

2

The Trustee bends over backward to construe these transactions as a three-party transactions — *i.e.*, the Debtor purchased goods from Walmart (and Sam's Clubs), which then transferred the value directly to a third-party (Jones, JP Rentals, Jones Lease) without first transferring the goods to Debtor. Without additional *facts* pled,[1] Walmart submits that the Court can hold as a matter of law that a standard retail-store transaction is presumptively a two-party transfer — the payor presumptively receives goods in exchange for payment.

Walmart concedes that the Trustee *asserts* that a three-party transaction occurred. The Trustee *asserts* that Debtor paid for the goods and that third-parties received the value directly. But Walmart contends that this is a legal conclusion as to the effect of the transfer. The Debtor used the Debtor's credit card to purchase goods and then distributed those goods, while identifying on its books and records the value of the goods transferred.

The Trustee's allegation that a three-party transaction occurred in those Walmart and Sam's Club checkout lanes simply defies common sense. And the Court need not abandon all common sense in deference to the Trustee's allegations, as the United States Supreme Court stated in *Iqbal*:

> Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that **requires the reviewing court to draw on its judicial experience and common sense**. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"— "that the pleader is entitled to relief."

*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (emphasis added, internal citation omitted).[2]

---

[1] For example, Walmart could envision facts pled where an agent of Walmart was complicit in the fraud, such that a Debtor transferred funds to that agent (i.e., Walmart), who then transferred the goods directly to a third party. But such facts are not present in the Trustee's Complaint; the Trustee merely *concludes* that three-party transactions occurred.

[2] The Trustee excoriates Walmart for omitting "not to the Debtor" from its quotation of the Complaint, Paragraph 20, suggesting if not stating that Walmart was trying to deceive the Court. (Doc. 13, p. 3.) On the contrary,

13001699.3

The Trustee's argument about the Complaint's exhibits *helping* its case is similarly incomprehensible. The Trustee argues the exhibits show that the purchased materials were delivered by Walmart directly to Jones or one of his entities. Walmart disagrees. Accepting the allegations as true from the Complaint, it is clear that Jones, Jones Lease, and JP Rentals received the relevant goods *from the Debtor*. Specifically, the "MEMBERS DRAW Register" specifically suggests Jones drew funds from his ownership interest in the Debtor in exchange for the Debtor transferring property of that value to him. (Doc. 1-1, Ex. A, D, and E.) The "DUE FROM JONES LEASE PROPERTIES, LLC Register" also suggests a transfer of the property from the Debtor to that entity in exchange for that entity owing the Debtor a debt. (Doc. 1-1, Ex. C and F.) The same logic applies to the "JP RENTALS SHORT TERM Register." (Doc. 1-1, Ex. B.) These exhibits support Walmart's view that the Debtor–Walmart Transactions occurred — Debtor received goods from Walmart by operation of law in exchange for its payment — then Jones subsequently transferred those funds to himself (as member draws) and his entities.

Thus, Walmart is requesting that — because the Court should hold as a matter of law that the Walmart transactions were two-party, not three-party — the Court hold that the structure was this:

---

Walmart's Motion and Memorandum make clear (or certainly attempted to make clear) the Trustee's position that Walmart *did not* transfer the goods to Debtor. For example, from the first sentence of the relevant argument in the Memorandum: "The Trustee alleges that the Debtor's funds were transferred by credit card to Walmart and Sam's Club (collectively, "Walmart"), in return for value provided to Jones Lease, JP Rentals, and/or Jones." (Doc. 9, p. 5.) The Trustee's analysis ends at the quote "not to the Debtor" in the Complaint, whereas Walmart requests that the Court disregard that conclusion (unsupported by actual facts) and apply common sense: a standard Walmart/retail transaction is presumptively, as a matter of law, a two-party transaction, unless actual facts are pled that could change that rule.

4

13001699.3



The payor in a standard Walmart/retail transaction must receive the goods in exchange — for however short a period. To the extent the goods are subsequently transferred to third parties, that is beyond the scope of the retailer's involvement. To hold otherwise, and to rely solely on the Trustee's baseless conclusion that the transaction was three-party, would trample common sense.

Once the Court holds that the Walmart-related transactions were two-party as a matter of law, the Motion to Dismiss must be granted on all counts. The transactions the Trustee is actually complaining of — the Debtor–Jones Transactions — do not involve Walmart.

**2.    Alternatively, the Counts alleging actual fraud must be dismissed because they have not been pled with sufficient particularity — they do not identify the property transferred.**

The Trustee argues that the exact level of particularly that is required will necessarily differ based on the facts of the case, and that Court is somewhat more liberal when a Trustee pleads actual fraud. (Doc. 13, p. 5–7.) Walmart does not disagree.

But the Trustee's own case — *In re Geltzer* — shows why the Trustee's Complaint fails:

> "[T]o state an actual fraudulent transfer claim with Rule 9(b) particularity, a party must ordinarily allege: (i) **the property that was conveyed**; (ii) the timing and, if applicable, frequency of the transfer; and (iii) the consideration (if any) paid for the transfer.… In addition to specifically identifying the transfers to be avoided, a party must also sufficiently plead the element of fraudulent intent required by Rule 9(b).…"

5

*In re Geltzer*, 502 B.R. 760, 769 (Bkrtcy. S.D.N.Y. 2013) (emphasis added).

The Trustee fails to identify what property was transferred. Taking just the transactions from the first page of Exhibit A, for example:

| Date | Number | Payee | Increase | Decrease | Balance | Type | Account | Memo |
|---|---|---|---|---|---|---|---|---|
| 12/6/2015 | | WALMART | | $217.72 | | #REF! | Credit Card 1537 - FIR | WALMART |
| 12/12/2015 | | WALMART | | $50.00 | | #REF! | Credit Card 1537 - FIR | PAYPAL |
| 12/13/2015 | | WALMART | | $7.03 | | #REF! | Credit Card 1537 - FIR | WALMART |
| 12/19/2015 | | WALMART | | $70.93 | | #REF! | Credit Card 1537 - FIR | WALMART |
| 12/20/2015 | | WALMART | | $66.00 | | #REF! | Credit Card 1537 - FIR | WALMART |
| 1/2/2016 | | WALMART | | $9.15 | | #REF! | Credit Card 1537 - FIR | WALMART |
| 1/10/2016 | | WALMART | | $124.42 | | #REF! | Credit Card 1537 - FIR | WALMART |
| 1/16/2016 | | WALMART | | $41.13 | | #REF! | Credit Card 1537 - FIR | WALMART |
| 1/17/2016 | | WALMART | | $148.87 | | #REF! | Credit Card 1537 - FIR | WALMART |
| 1/21/2016 | | WALMART | | $32.95 | | #REF! | Credit Card 1537 - FIR | WALMART |
| 2/13/2016 | | WALMART | | $64.99 | | #REF! | Credit Card 1537 - FIR | WALMART |
| 2/15/2016 | | WALMART | | $33.57 | | #REF! | Credit Card 1537 - FIR | WALMART |
| 2/23/2016 | | WALMART | | $38.18 | | #REF! | Credit Card 1537 - FIR | WALMART |
| 2/27/2016 | | WALMART | | $13.17 | | #REF! | Credit Card 1537 - FIR | WALMART |
| 3/1/2016 | | WALMART | | $73.95 | | #REF! | Credit Card 0847 - US I | WALMART |
| 3/6/2016 | | WALMART | | $53.43 | | #REF! | Credit Card 1537 - FIR | WALMART |
| 3/6/2016 | | WALMART | | $13.83 | | #REF! | Credit Card 1537 - FIR | WALMART |
| 3/18/2016 | | WALMART | | $60.95 | | #REF! | Credit Card 1537 - FIR | WALMART |
| 3/23/2016 | | WALMART | | $40.52 | | #REF! | Credit Card 9648 - FIR | WALMART |
| 3/27/2016 | | WALMART | | $20.01 | | #REF! | Credit Card 1537 - FIR | WALMART |
| 3/27/2016 | | WALMART | | $25.60 | | #REF! | Credit Card 1537 - FIR | WALMART |
| 4/5/2016 | | WALMART | | $1,097.35 | | #REF! | Credit Card 9648 - FIR | 0 |
| 4/7/2016 | | WALMART | | $26.27 | | #REF! | Credit Card 20005 - FIF | 0 |
| 4/7/2016 | | WALMART | | $26.27 | | #REF! | Credit Card 1537 - FIR | 0 |
| 4/8/2016 | | WALMART | | $6.32 | | #REF! | Credit Card 1537 - FIR | 0 |
| 4/9/2016 | | WALMART | | $63.20 | | #REF! | Credit Card 1537 - FIR | 0 |
| 4/10/2016 | | WALMART | | $9.86 | | #REF! | Credit Card 1537 - FIR | 0 |
| 4/27/2016 | | WALMART | | $36.30 | | #REF! | Credit Card 0783 - FIR | 0 |
| 4/30/2016 | | WALMART | | $95.19 | | #REF! | Credit Card 0783 - FIR | 0 |
| 5/6/2016 | | WALMART | | $11.21 | | #REF! | Credit Card 0847 - US I | 0 |
| 5/8/2016 | | WALMART | | $82.44 | | #REF! | Credit Card 0847 - US I | 0 |
| 5/13/2016 | | WALMART | | $13.75 | | #REF! | Credit Card 0847 - US I | 0 |
| 5/14/2016 | | WALMART | | $26.25 | | #REF! | Credit Card 0847 - US I | 0 |
| 5/15/2016 | | WALMART | | $6.58 | | #REF! | Credit Card 0783 - FIR | 0 |
| 6/12/2016 | | WALMART | | $12.70 | | #REF! | Credit Card 0783 - FIR | 0 |
| 6/16/2016 | | WALMART | | $178.51 | | #REF! | Credit Card 9648 - FIR | MISC GROCERY ITEMS |

All we know is that the property transferred was money in exchange for *something* from Walmart. That is simply insufficient to identify the property at issue. Moreover, the actual-fraud claims fail because the badges of fraud relate only to the Debtor–Jones Transfers, not the Debtor–Walmart Transfers. (*See* Section 1, above.) Therefore, the Motion to Dismiss should be granted.

**3. The constructive-fraud claims also fail because the Complaint does not show how Walmart failed to provide reasonably equivalent value and because the property is not identified.**

Walmart concedes the Trustee's non-binding authority stating that constructive-fraud claims are evaluated under a lower pleading standard than actual-fraud claims in other

6

jurisdictions. (*See* Doc. 13, pp. 8–9.) This Court, however, must adhere to the Seventh Circuit's rule. *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1078–79 (7th Cir. 1997) (applying Rule 9(b) to a constructive-fraud claim under the Uniform Fraudulent Transfer Act); *see also In re Wolf*, 595 B.R. 735, 763 (Bankr. N.D. Ill. 2018) ("In the context of fraudulent transfers, the Rule [9(b)] applies to constructive and actual fraud.").

As stated in Walmart's original Memorandum, the Complaint itself demonstrates that the Debtor paid Walmart $33,353.44 in aggregate. (Doc. 1, ¶ 20.) As one would expect, the Debtor received goods in return — which goods, the Trustee does not say — that were held out for sale to consumers in the store. (Doc. 1, ¶ 20.)

Moreover, the Trustee does not complain that the value received from Walmart was insufficient. Instead, the Trustee complains that Jones, Jones Lease, and JP Rentals received that value, rather than Debtor, without providing value in return. (Doc. 1, ¶ 20.) But, as explained above, the Trustee is complaining about the wrong transactions.[3]

In the Debtor–Walmart Transfers, Walmart provided reasonably equivalent value to Debtor: retail goods in exchange for payment. The Debtor (through owner Erik Jones) then transferred that property to Jones and his entities without reasonably equivalent value in return. The Trustee's claims for fraudulent transfers should be directed at Jones, Jones Lease, and JP Rentals for the Debtor–Jones Transfers, not at these Walmart Defendants for the Debtor–Walmart Transfers. Alternatively, because the specific property is not identified, the claim fails under the applicable pleading standard.

---

[3] Once again, the Trustee's Complaint asserts that, instead, there were only three-party transactions. For the reasons stated above, despite the Trustee's conclusory allegations to the contrary, Walmart contends that a common-sense reading of the Complaint portrays two different two-party transactions.

7

13001699.3

## Conclusion

For the reasons stated above, the Court must dismiss the Trustee's claims for actual fraud and constructive fraud, as the allegations in the Complaint relate to the Debtor–Jones Transfers, not the Debtor–Walmart Transfers. Because all claims fail, the entire Complaint must be dismissed with prejudice.

Respectfully submitted:

By: */s/ Clayton G. Kuhn*
Clayton G. Kuhn, #6298490
Zachary S. Merkle, #6322707
600 Washington Avenue - 15th Floor
St. Louis, MO  63101-1313
314-231-3332
314-241-7604 (Fax)
ckuhn@sandbergphoenix.com
zmerkle@sandbergphoenix.com
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 3, 2020 a copy of the foregoing was filed and thereafter served using the Court's electronic filing system on the following counsel of record for Plaintiff:

Andrew W. Covey
Acovey1@hotmail.com

Jeana K. Reinbold
jeana@jeanareinboldlaw.com

*/s/ Clayton G. Kuhn*