**IT IS SO ORDERED.**

**SIGNED THIS: May 8, 2020**

_____
**Thomas L. Perkins
United States Chief Bankruptcy Judge**
_____

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| I80 EQUIPMENT, LLC, | ) | Case No. 17-81749 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| JEANA K. REINBOLD, not individually but solely in her capacity as Chapter 7 Trustee of the Estate of I80 Equipment, LLC, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adv. No. 19-8122 |
| | ) | |
| WALMART INC. d/b/a WAL-MART and SAM'S CLUB, a Delaware corporation, SAM'S EAST, INC. d/b/a SAM'S CLUB, an Arkansas corporation, SAM'S EAST, INC. d/b/a SAM'S CLUB, a Delaware corporation, SAM'S WEST, INC. d/b/a SAM'S CLUB, a Delaware corporation and SAM'S WEST, INC. d/b/a SAM'S CLUB, an Arkansas corporation, | ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

The Plaintiff, Jeana K. Reinbold (the "Trustee"), in her capacity as Chapter 7 Trustee of the Estate of I80 Equipment, LLC (the "Debtor"), brings suit against Walmart and four Sam's Club corporations (together, the "Defendants") as recipients of alleged fraudulent transfers. The ten-count complaint alleges the same two counts against each Defendant, for actual fraud under §548(a)(1)(A) and constructive fraud under §548(a)(1)(B). Each count seeks avoidance of the same transfers made within two years prior to the bankruptcy filing on December 6, 2017, totaling $33,353.44. The Defendants move to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure as incorporated by Rule 7012 of the Federal Rules of Bankruptcy Procedure, for failure to state a claim upon which relief may be granted.

As alleged in the Complaint, Erik P. Jones ("Jones") was the sole member and the sole manager of the Debtor. He was also the sole member and sole manager of other companies including Jones Lease Properties, LLC and J.P. Rentals, LLC (together, the "Jones Companies"). It is further alleged that $33,353.44 of the Debtor's funds were transferred to one or more of the Defendants for purchases made at a Walmart or Sam's Club store using the Debtor's credit card. The fraudulent nature of the transfers is supported by an allegation that the purchased goods were "provided to" Jones and/or the Jones Companies and "not to the Debtor" so that the Debtor received no value in exchange for the transfer of its funds. (Complaint, par. 20).

In the five constructive fraud counts, the Trustee quotes the language of section 548(a)(1)(B). In the five actual fraud counts, the Trustee alleges that the Debtor made the transfers with actual intent to hinder, delay or defraud one or more of its creditors, alleging seven badges of fraud to support the allegation of actual fraudulent intent. The prayer for relief in each count asks to avoid the transfers as fraudulent and for entry of a money judgment in favor of the Trustee in the amount of $33,353.44.

Plaintiff's Exhibits A through G, attached to the Complaint, are copies of certain accounting records of the Debtor. Those records indicate that the Debtor booked some of the transfers on a "Members Draw Register," some on a "JP Rentals Short Term Register," and others on a "Due From Jones Lease Properties, LLC Register." Approximately 300 purchase transactions with the Defendants are recorded as having occurred during the 2-year prepetition period, the majority of them for less than $100.

To avoid dismissal, the Trustee's Complaint must contain allegations that " 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A claim survives a motion to dismiss if there are enough facts pled to put the defendant on notice and if those facts, taken as true, state a plausible legal claim. *Vesely v. Armslist LLC,* 762 F.3d 661, 664 (7th Cir. 2014).

Making the plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 129 S.Ct. at 1950. The required level of factual specificity rises with the complexity of the claim. *Swanson v. Citibank, N.A.,* 614 F.3d 400, 404 (7th Cir. 2010). The plaintiff must give enough details about the subject matter of the case to present a story that holds up under a standard of scrutiny that asks whether the events, as described, *could* have happened, not *did* they happen. *Id.* In straightforward cases, that will not be a particularly difficult burden to meet, whereas more complex cases will require more detail to give the opposing party notice of what the case is all about and to show how the dots should be connected. *Id.* at 404-05. In this Court's view, statutory fraudulent transfer avoidance actions, as distinguished from common law fraud actions, are usually quite straightforward.

In the motion to dismiss, the Defendants contend that the only plausible interpretation of the Complaint is that the Debtor purchased goods from one of the Defendants, that the goods were received by the Debtor, and only later did the Debtor transfer the goods to Jones and/or the Jones Companies. The Defendants characterize it as two separate transactions, the first one an ordinary, non-fraudulent retail purchase where value was given to the Debtor in exchange for its payment, and a later one where the Debtor transferred the goods to a third party.

The Trustee responds that the Complaint is carefully crafted to support the alternative interpretation that a single transaction took place for each purchase whereby the goods, and thus the "value," provided by the Defendants was provided not to the Debtor but to Jones or the Jones companies. The Trustee argues that the Defendants, by placing their own spin on the facts alleged in the Complaint, are attempting, impermissibly at this stage, to refute the facts alleged and contradict the Trustee's theory of what occurred. The Trustee correctly notes that in

3

considering a Rule 12(b)(6) motion to dismiss, courts are required to view the facts in the light most favorable to the plaintiff and to draw all reasonable inferences that support the plaintiff's theory.

In the Court's view, this issue is properly framed as one relating primarily to the constructive fraud counts. Section 548(a)(1)(B) requires a trustee to prove that the debtor "received less than reasonably equivalent value in exchange for" the transfers sought to be avoided. The Complaint alleges that the goods were purchased for the benefit of third parties, Jones and/or the Jones Companies, so that the Debtor received no value. The Defendants contend that the Debtor received the goods (and thus equivalent value) and subsequently transferred them to the third parties. It is readily apparent that the issue of whether the Debtor "received" the goods, and a value reasonably equivalent to what it paid, is a question of fact. The determination of reasonably equivalent value is a two-step process with the first step to determine whether the debtor received any value at all. *Anand v. National Republic Bank of Chicago,* 239 B.R. 511, 516-17 (N.D. Ill. 1999); *In re Apex Automotive Warehouse, L.P.,* 238 B.R. 758, 773 (Bankr. N.D. Ill. 1999). Construing the allegations of the Complaint most favorably to the Trustee leads to the determination that it is plausible that the Debtor did not receive anything of value in exchange for its payments to the Defendants.

It should be noted that the Defendants have submitted no authority to support the proposition that one who authorizes the use of its funds to make a retail purchase is deemed, as a matter of law, to have received the goods purchased or the value thereof. The Court is not aware of any such rule, either as a matter of statute or common law. Without deciding today what law applies, it seems that the question of who "received" the goods and what value, if any, was received by the Debtor, should be determined as a matter of state law, probably the law of the state in which the purchases were made. Although possible, it is uncertain that a blanket or universal rule of decision that could apply to all retail purchases will be found. Instead, it seems more likely that the specific facts of the purchase transactions will have to be developed as this litigation proceeds.

It should also be noted here, as it was by this Court in adversary number 19-8116 (Doc. 13, p. 7), that the Debtor's accounting documents attached to the Complaint give rise to the question whether the Debtor received value for some of its transfers in the form of accounts

4

receivable due from one or more of the Jones Companies. See *Creditor's Committee of Jumer's Castle Lodge, Inc. v. Jumer,* 472 F.3d 943, 948 (7th Cir. 2007); *In re Central Illinois Energy Cooperative,* 2011 WL 5080147 at *6 (Bankr. C.D. Ill.). The Trustee alleges in the Complaint that there was, in fact, no valid, enforceable obligation to repay the booked loans by the Jones Companies. This raises a second issue of possible value received by the Debtor in exchange for its payments to the Defendants.

With respect to the actual fraud counts, the Trustee must allege that the transfers were made with "actual intent to hinder, delay, or defraud" any current or future creditor of the Debtor. 11 U.S.C. §548(a)(1)(A). While acknowledging that Rule 7009(b) permits fraudulent intent to be alleged generally, the Defendants argue that the who, what, when, where, and how of the alleged fraud has not been pleaded with sufficient particularity.

Each actual fraud count includes an allegation that the Debtor made the fraudulent transfers with actual intent to hinder, delay or defraud as required by the statute. The allegations do not directly identify the individual owner, officer or employee of the Debtor whose state of mind is being relied upon. However, the Complaint does identify Jones as the sole member and sole manager of the Debtor, so the reasonable inference may be drawn that it was Jones who possessed the requisite fraudulent intent pertaining to the transfers.

The allegation of fraudulent intent is supported by seven badges of fraud that the Defendants assert are irrelevant. Apart from whether any badges of fraud at all are necessary to support an allegation of fraudulent intent that is permitted to be alleged generally, the badges of fraud certainly permit the inference first, that Jones was using the Debtor, and its funds, as his own personal piggy bank and second, that the Debtor was insolvent at the time of the transfers or became insolvent shortly thereafter. These allegations support the reasonable inference, most favorable to the Trustee, that the Debtor, acting through Jones, could have been intending to harm one or more of its own creditors by making the transfers in question.

With respect to the level of detail about the Debtor's transactions with the Defendants, the Court is aware that the Trustee has been hamstrung in her efforts to obtain information from the Debtor and its agents. It is doubtful the Trustee has much additional information about the 300 or so purchase transactions at issue, and it almost goes without saying that a detailed description of each and every one of those transactions in the Complaint is simply not practical.

Moreover, the requirement of pleading fraud with particularity makes the most sense in the context of a deceptive and often complex scheme to defraud of the kind described in *McClellan v. Cantrell,* 217 F.3d 890 (7th Cir. 2000). The nature of the fraud here is readily apparent and the elements of the causes of action are expressly defined by statute. The Defendants are adequately put on notice of the basis of the claims alleged against them. There is no need for additional pleading of facts at this stage.

For these reasons, the Defendants' Motion to Dismiss should be and hereby is DENIED. The Defendants are given 21 days to file an Answer to the Complaint.

SO ORDERED.

# # #