UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| *In re:* ) | |
| *I80 Equipment, LLC* ) | Case No. 17-81749 |
| ) | |
| Debtor(s). ) | Chapter 7 |
| ────────────────────── ) | |
| ) | |
| *Jeana K. Reinbold, solely as Chapter 7* ) | |
| *Trustee of the Estate of I80 Equipment, LLC* ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | AP. No. 19-08122 |
| ) | |
| *Walmart, Inc. d/b/a WAL-MART and SAM'S* ) | **JURY TRIAL DEMANDED** |
| *CLUB, a Delaware corporation, SAM'S* ) | |
| *EAST, INC. d/b/a SAM'S CLUB, an* ) | |
| *Arkansas corporation, SAM'S WEST, INC.* ) | |
| *d/b/a SAM'S CLUB, a Delaware* ) | |
| *corporation and SAM'S WEST, INC. d/b/a* ) | |
| *SAM'S CLUB, an Arkansas corporation,* ) | |
| ) | |
| Defendants. ) | |
| ) | |

## **DEFENDANTS' ANSWER**

COME NOW the Defendants (collectively, "Walmart" or the "Walmart Entities") and state their Answer to the Complaint (Doc. 1):

### **Jurisdiction and Venue**

1.   This adversary proceeding arises under the above-captioned chapter 7 case, currently pending in this Court.

**Answer: Admit.**

2.   This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 1334, 151, 157(a) and 157(b)(2)(H). Plaintiff consents to entry of final orders or judgment by this Court.

**Answer: Jurisdiction is a legal determination for the Court and, thus, no substantive response is required; Walmart does not contest jurisdiction. Walmart also consents to entry of final orders or judgment by this Court.**

3. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1409(a).

**Answer: Venue is a legal determination for the Court and, thus, no substantive response is required; Walmart does not contest venue.**

### Parties

4. Plaintiff is the duly appointed, qualified and serving chapter 7 trustee in the above referenced chapter 7 case.

**Answer: Admit.**

5. WALMART INC. d/b/a WAL-MART and SAM'S CLUB ("Walmart") is a Delaware corporation with a principal place of business at 702 SW 8th Street, Bentonville, AR 72716.

**Answer: Walmart Inc. admits that it is a Delaware corporation with its principal place of business at 702 SW 8th Street, Bentonville, AR 72716.**

6. SAM'S EAST, INC. d/b/a SAM'S CLUB, an Arkansas corporation ("Sam's East Arkansas") has a principal place of business at 702 SW 8th Street, Bentonville, AR 72716.

**Answer: Sam's East, Inc. admits that it is an Arkansas Corporation with its principal place of business at 2101 SE Simple Savings Drive, Bentonville, AR 72712.**

7. SAM'S EAST, INC. d/b/a SAM'S CLUB, a Delaware corporation ("Sam's East Delaware") has a principal place of business at 702 SW 8th Street, Bentonville, AR 72716.

**Answer: Deny. Further answering, Walmart expressly denies that this entity is a proper defendant.**

2

13490408.v2

8.  SAM'S WEST, INC. d/b/a SAM'S CLUB, an Arkansas corporation ("Sam's West Arkansas") has a principal place of business at 702 SW 8th Street, Bentonville, AR 72716.

**Answer: Sam's West, Inc. admits that it is an Arkansas Corporation with its principal place of business at 2101 SE Simple Savings Drive, Bentonville, AR 72712.**

9.  SAM'S WEST, INC. d/b/a SAM'S CLUB, a Delaware corporation ("Sam's West Delaware") has a principal place of business at 702 SW 8th Street, Bentonville, AR 72716.

**Answer: Deny. Further answering, Walmart expressly denies that this entity is a proper defendant.**

### Common Facts

10.  I80 Equipment, LLC ("Debtor") filed a chapter 7 bankruptcy petition herein on December 6, 2017. Plaintiff was appointed chapter 7 trustee of the case on said date.

**Answer: Admit.**

11.  Debtor was an Illinois limited liability company formed June 14, 2007 with its principal office at 120 Walnut Lane, Colona, IL 61241. Debtor was involuntary dissolved on December 14, 2018.

**Answer: Walmart is without sufficient information to admit or deny Paragraph 11 and, therefore, denies it.**

12.  At all times relevant herein, Erik P. Jones ("Jones") (a) was the sole member of Debtor; (b) owned 100% of the membership interests in Debtor; and (c) was the sole manager of Debtor.

**Answer: Walmart is without sufficient information to admit or deny Paragraph 12 and, therefore, denies it.**

13.  Prior to filing bankruptcy, the Debtor operated a commercial business whereby it purchased and refurbished bucket trucks for resale.

3

13490408.v2

**Answer: Walmart is without sufficient information to admit or deny Paragraph 13 and, therefore, denies it.**

14. Jones Lease Properties, LLC ("Jones Lease") is an Illinois limited liability company formed January 21, 2004 with its principal office at 496 Briargate Dr., Colona, IL 61241.

**Answer: Walmart is without sufficient information to admit or deny Paragraph 14 and, therefore, denies it.**

15. Jones Lease operates a rental/management company providing single-family and multi-family rental options in the Quad Cities area.

**Answer: Walmart is without sufficient information to admit or deny Paragraph 15 and, therefore, denies it.**

16. At all times relevant herein, Jones (a) was the sole member of Jones Lease; (b) owned 100% of the membership interests in Jones Lease; and (c) was the sole manager of Jones Lease.

**Answer: Walmart is without sufficient information to admit or deny Paragraph 16 and, therefore, denies it.**

17. J.P. Rentals, LLC ("JP Rentals") is an Illinois limited liability company formed March 13, 2008 with its principal office at 20490 E. 550th St., Colona, IL 61241.

**Answer: Walmart is without sufficient information to admit or deny Paragraph 17 and, therefore, denies it.**

18. JP Rentals was formed to offer rental options in larger commercial multi-unit properties.

**Answer: Walmart is without sufficient information to admit or deny Paragraph 18 and, therefore, denies it.**

19. At all times relevant herein, Jones (a) was the sole member of JP Rentals; (b) owned 100% of the membership interests in JP Rentals; and (c) was the sole manager of JP Rentals.

**Answer: Walmart is without sufficient information to admit or deny Paragraph 19 and, therefore, denies it.**

20. On or about the dates and in the amounts set forth on attached Exhibits "A" through "G", funds of the Debtor in the amount of $33,353.44 were transferred by credit card to Walmart, Sam's East Arkansas, Sam's East Delaware, Sam's West Arkansas and/or Sam's West Delaware in return for value provided to Jones Lease, JP Rentals and/or Jones ("Fraudulent Transfers"), not to the Debtor.

**Answer: Walmart is without sufficient information to admit or deny Paragraph 20 and, therefore, denies it.**

21. Any obligations incurred within two (2) years of bankruptcy by the Debtor to Walmart, Sam's East Arkansas, Sam's East Delaware, Sam's West Arkansas and/or Sam's West Delaware were for the benefit of Jones, Jones Lease, JP Rentals or other individuals or non-Debtor entities ("Fraudulent Obligations"), not the Debtor.

**Answer: Walmart is without sufficient information to admit or deny Paragraph 21 and, therefore, denies it.**

**COUNT I — Walmart**
**(11 U.S.C. § 548(a)(1)(A) — Alleged Actual Fraud)**

22. Plaintiff repeats and realleges averments 1 through 21 of her Complaint as if set forth fully herein.

**Answer: Walmart repeats and realleges its answers to Paragraphs 1–21.**

23.     This Count is brought pursuant to 11 U.S.C. §§ 548(a)(1)(A), 550(a)(1) and 551.

**Answer: Admit.**

24.     Upon information and belief, Debtor made the Fraudulent Transfers with actual intent to hinder, delay or defraud any entity to which Debtor was or became, on or after the date that such transfer was made, indebted, as demonstrated by, including but not limited to, the following facts which constitute badges of fraud:

   a. There was a close relationship between the entities for whose benefit the Fraudulent Transfers were made and the Debtor, as Jones was the sole member of all entities, and all entities were controlled and directed by Jones.

   b. The consideration received by the Debtor for the Fraudulent Transfers was inadequate, as the Fraudulent Transfers were wholly made for the benefit of Jones and his other entities, and not the Debtor.

   c. The Debtor was insolvent or became insolvent shortly after the Fraudulent Transfers were made or the Fraudulent Obligations were incurred.

   d. Jones retained indirect control over all the properties into which materials purchased from the Defendant were incorporated after the Fraudulent Transfers, as such properties were owned by Jones Lease and JP Rentals which Jones controlled.

   e. Jones' pattern of recklessly using the Debtor's funds to purchase non-Debtor and luxury items for his other entities and his own personal use after the Debtor had incurred substantial debt.

    f. In making the Fraudulent Transfers to or for the benefit of his other entities, Jones engaged in conscious misbehavior and recklessness. No legitimate business purpose of the Debtor was served by making any of the Fraudulent Transfers. The only purpose of said transfers were to further the real estate business of Jones' other entities.

    g. The Fraudulent Transfers to Jones Lease and JP Rentals were concealed, as they were recorded in the Debtor's books, not as gifts, but as accounts receivable. Said entities had no obligation to repay the Fraudulent Transfers to the Debtor.

(collectively, "Badges of Fraud").

**Answer: Walmart is without sufficient information to admit or deny Paragraph 24, including the subparagraphs, and, therefore, denies it. Walmart expressly denies any badges of fraud that relate to transactions with the Walmart Entities.**

25. Upon information and belief, the Fraudulent Obligations were incurred with actual intent to hinder, delay or defraud any entity to which Debtor was or became, on or after the date that such transfers were made, indebted, as demonstrated by, including but not limited to, the above Badges of Fraud.

**Answer: Deny.**

**Further answering, Walmart denies that Plaintiff is entitled to any relief requested in the WHEREFORE clause of Count I.**

### COUNT II — Walmart
### (11 U.S.C. §548(a)(1)(B) — Alleged Constructive Fraud)

26. Plaintiff repeats and realleges averments of her Complaint 1-21 as if set forth fully herein.

**Answer: Walmart repeats and realleges its answers to Paragraphs 1–21.**

7

13490408.v2

27. This count is brought pursuant to 11 U.S.C. §§ 548(a)(1)(B),550 (a)(1) and 551.

**Answer: Admit.**

28. Upon information and belief, Debtor received less than a reasonably equivalent value in exchange for the Fraudulent Transfers and the Fraudulent Obligations and: (1) was insolvent on the dates that such transfers were made and such obligations were incurred, or became insolvent as a result of such transfers and such obligations; (2) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with Debtor was an unreasonably small capital; or (3) intended to incur, or believed that Debtor would incur, debts that would be beyond Debtor's ability to pay as such debts matured.

**Answer: Deny.**

**Further answering, Walmart denies that Plaintiff is entitled to any relief requested in the WHEREFORE clause of Count II.**

### COUNT III — Sam's East
### (11 U.S.C. § 548(a)(1)(A) — Alleged Actual Fraud)

29. Plaintiff repeats and realleges averments 1 through 21 of her Complaint as if set forth fully herein.

**Answer: Walmart repeats and realleges its answers to Paragraphs 1–21.**

30. This Count is brought pursuant to 11 U.S.C. §§ 548(a)(1)(A), 550(a)(1) and 551.

**Answer: Admit.**

31. Upon information and belief, Debtor made the Fraudulent Transfers with actual intent to hinder, delay or defraud any entity to which Debtor was or became, on or after the date that such transfers were made, indebted, as demonstrated by, including but not limited to, the Badges of Fraud.

8

13490408.v2

**Answer: Deny.**

32. Upon information and belief, the Fraudulent Obligations were incurred with actual intent to hinder, delay or defraud any entity to which Debtor was or became, on or after the date that such transfers were made, indebted, as demonstrated by, including but not limited to, the Badges of Fraud.

**Answer: Deny.**

**Further answering, Walmart denies that Plaintiff is entitled to any relief requested in the WHEREFORE clause of Count III.**

### COUNT IV — Sam's East Arkansas
### (11 U.S.C. §548(a)(1)(B) — Alleged Constructive Fraud)

33. Plaintiff repeats and realleges averments 1-21 of her Complaint as if set forth fully herein.

**Answer: Walmart repeats and realleges its answers to Paragraphs 1–21.**

34. This count is brought pursuant to 11 U.S.C. §§ 548(a)(1)(B),550 (a)(1) and 551.

**Answer: Admit.**

35. Upon information and belief, Debtor received less than a reasonably equivalent value in exchange for the Fraudulent Transfers and the Fraudulent Obligations and: (1) was insolvent on the dates that such transfers were made and such obligations were incurred, or became insolvent as a result of such transfers and such obligations; (2) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with Debtor was an unreasonably small capital; or (3) intended to incur, or believed that Debtor would incur, debts that would be beyond Debtor's ability to pay as such debts matured.

**Answer: Deny.**

**Further answering, Walmart denies that Plaintiff is entitled to any relief requested in the WHEREFORE clause of Count IV.**

### COUNT V — Sam's East Delaware
### (11 U.S.C. § 548(a)(1)(A) — Alleged Actual Fraud)

36. Plaintiff repeats and realleges averments 1 through 21 of her Complaint as if set forth fully herein.

**Answer: Walmart repeats and realleges its answers to Paragraphs 1–21.**

37. This Count is brought pursuant to 11 U.S.C. §§ 548(a)(1)(A), 550(a)(1) and 551.

**Answer: Admit.**

38. Upon information and belief, Debtor made the Fraudulent Transfers with actual intent to hinder, delay or defraud any entity to which Debtor was or became, on or after the date that such transfers were made, indebted, as demonstrated by, including but not limited to, the Badges of Fraud.

**Answer: Deny.**

39. Upon information and belief, the Fraudulent Obligations were incurred with actual intent to hinder, delay or defraud any entity to which Debtor was or became, on or after the date that such transfers were made, indebted, as demonstrated by, including but not limited to, the Badges of Fraud.

**Answer: Deny.**

**Further answering, Walmart denies that Plaintiff is entitled to any relief requested in the WHEREFORE clause of Count V.**

### COUNT VI — Sam's East Delaware
### (11 U.S.C. §548(a)(1)(B) — Alleged Constructive Fraud)

40. Plaintiff repeats and realleges averments 1-21 of her Complaint as if set forth fully herein.

10

**Answer: Walmart repeats and realleges its answers to Paragraphs 1–21.**

41.  This count is brought pursuant to 11 U.S.C. §§ 548(a)(1)(B),550 (a)(1) and 551.

**Answer: Admit.**

42.  Upon information and belief, Debtor received less than a reasonably equivalent value in exchange for the Fraudulent Transfers and the Fraudulent Obligations and: (1) was insolvent on the dates that such transfers were made and such obligations were incurred, or became insolvent as a result of such transfers and such obligations; (2) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with Debtor was an unreasonably small capital; or (3) intended to incur, or believed that Debtor would incur, debts that would be beyond Debtor's ability to pay as such debts matured.

**Answer: Deny.**

**Further answering, Walmart denies that Plaintiff is entitled to any relief requested in the WHEREFORE clause of Count VI.**

**COUNT VII — Sam's West Arkansas**
**(11 U.S.C. § 548(a)(1)(A) — Alleged Actual Fraud)**

43.  Plaintiff repeats and realleges averments 1 through 21 of her Complaint as if set forth fully herein.

**Answer: Walmart repeats and realleges its answers to Paragraphs 1–21.**

44.  This Count is brought pursuant to 11 U.S.C. §§ 548(a)(1)(A), 550(a)(1) and 551.

**Answer: Admit.**

45.  Upon information and belief, Debtor made the Fraudulent Transfers with actual intent to hinder, delay or defraud any entity to which Debtor was or became, on or after the date

that such transfers were made, indebted, as demonstrated by, including but not limited to, the Badges of Fraud.

**Answer: Deny.**

46. Upon information and belief, the Fraudulent Obligations were incurred with actual intent to hinder, delay or defraud any entity to which Debtor was or became, on or after the date that such transfers were made, indebted, as demonstrated by, including but not limited to, the Badges of Fraud.

**Answer: Deny.**

**Further answering, Walmart denies that Plaintiff is entitled to any relief requested in the WHEREFORE clause of Count VII.**

### COUNT VIII — Sam's West Arkansas
### (11 U.S.C. §548(a)(1)(B) — Alleged Constructive Fraud)

47. Plaintiff repeats and realleges averments 1-21 of her Complaint as if set forth fully herein.

**Answer: Walmart repeats and realleges its answers to Paragraphs 1–21.**

48. This count is brought pursuant to 11 U.S.C. §§ 548(a)(1)(B),550 (a)(1) and 551.

**Answer: Admit.**

49. Upon information and belief, Debtor received less than a reasonably equivalent value in exchange for the Fraudulent Transfers and the Fraudulent Obligations and: (1) was insolvent on the dates that such transfers were made and such obligations were incurred, or became insolvent as a result of such transfers and such obligations; (2) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with Debtor was an unreasonably small capital; or (3) intended to incur, or believed

12

that Debtor would incur, debts that would be beyond Debtor's ability to pay as such debts matured.

**Answer: Deny.**

**Further answering, Walmart denies that Plaintiff is entitled to any relief requested in the WHEREFORE clause of Count VIII.**

### COUNT IX — Sam's West Delaware
### (11 U.S.C. § 548(a)(1)(A) — Alleged Actual Fraud)

50. Plaintiff repeats and realleges averments 1 through 21 of her Complaint as if set forth fully herein.

**Answer: Walmart repeats and realleges its answers to Paragraphs 1–21.**

51. This Count is brought pursuant to 11 U.S.C. §§ 548(a)(1)(A), 550(a)(1) and 551.

**Answer: Admit.**

52. Upon information and belief, Debtor made the Fraudulent Transfers with actual intent to hinder, delay or defraud any entity to which Debtor was or became, on or after the date that such transfers were made, indebted, as demonstrated by, including but not limited to, the Badges of Fraud.

**Answer: Deny.**

53. Upon information and belief, the Fraudulent Obligations were incurred with actual intent to hinder, delay or defraud any entity to which Debtor was or became, on or after the date that such transfers were made, indebted, as demonstrated by, including but not limited to, the Badges of Fraud.

**Answer: Deny.**

**Further answering, Walmart denies that Plaintiff is entitled to any relief requested in the WHEREFORE clause of Count IX.**

13

13490408.v2

## COUNT X — Sam's West Delaware
### (11 U.S.C. §548(a)(1)(B) — Alleged Constructive Fraud)

54. Plaintiff repeats and realleges averments 1-21 of her Complaint as if set forth fully herein.

**Answer: Walmart repeats and realleges its answers to Paragraphs 1–21.**

55. This count is brought pursuant to 11 U.S.C. §§ 548(a)(1)(B),550 (a)(1) and 551.

**Answer: Admit.**

56. Upon information and belief, Debtor received less than a reasonably equivalent value in exchange for the Fraudulent Transfers and the Fraudulent Obligations and: (1) was insolvent on the dates that such transfers were made and such obligations were incurred, or became insolvent as a result of such transfers and such obligations; (2) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with Debtor was an unreasonably small capital; or (3) intended to incur, or believed that Debtor would incur, debts that would be beyond Debtor's ability to pay as such debts matured.

**Answer: Deny.**

**Further answering, Walmart denies that Plaintiff is entitled to any relief requested in the WHEREFORE clause of Count X.**

### Affirmative Defenses

The Walmart Entities state the following affirmative defenses without assuming any burden of proof or production that would otherwise be Plaintiff's. To the extent the below defenses are inconsistent, they are asserted in the alternative.

13490408.v2

  A. The Walmart Entities assert the two-year limitation contained in 11 U.S.C. § 548(a)(1) to the extent any alleged transaction was made or incurred longer than 2 years before the date of the filing of the petition.

  B. The Walmart Entities assert that the complained-of transactions (or a portion thereof) were actually two transactions: First, transactions between the Walmart Entities and the Debtor. Second, transactions from the Debtor to Erik Jones; Jones Lease Properties, LLC; and J.P. Rentals, LLC. The first transactions — the only ones involving the Walmart Entities — were neither actually or constructively fraudulent under 11 U.S.C. § 548.

  C. The Walmart Entities assert that the complained-of transactions (or a portion thereof) were actually two transactions: First, transactions from the Debtor to Erik Jones; Jones Lease Properties, LLC; and J.P. Rentals, LLC. Second, transactions from Erik Jones; Jones Lease Properties, LLC; and J.P. Rentals, LLC to the Walmart Entities. In such cases, the Walmart Entities were good-faith transferees that took for value (retail goods) without knowledge of the Debtor–Jones transactions — meeting the requirements under 11 U.S.C. § 550(b).

  D. The Walmart Entities were transferees that took for value (retail goods) and in good faith, so they retain a lien/interest on any interest transferred to the extent they gave value in exchange, to the full extent of 11 U.S.C. § 548(c). Because the value in all cases (the value of the Walmart Entities' retail goods) matched the payments for those retail goods, the Plaintiff cannot recover anything.

  E. To the extent Plaintiff receives a judgment against Erik Jones; Jones Lease Properties, LLC; and J.P. Rentals, LLC in another case for any of the transfers at issue in this

15

case, the Walmart Entities are entitled to a set off, credit, or other mechanism to prevent the Plaintiff from double recovering.

    F.    To the extent Plaintiff succeeds on a claim against Erik Jones; Jones Lease Properties, LLC; and J.P. Rentals, LLC in another case for the transactions at issue in this case, Plaintiff should be estopped from pursuing the claim against the Walmart Entities.

    G.    The Walmart Entities reserve the right to supplement or amend their affirmative defenses as discovery progresses.

### Defendants' Prayer for Relief

WHEREFORE, having fully answered the Complaint, the Walmart Entities request judgment in their favor and against Plaintiff on all counts. They further request that all costs be taxed against the Plaintiff. The Walmart Entities seek all other relief the Court deems just and proper.

### THE WALMART ENTITIES DEMAND A TRIAL BY JURY

SANDBERG PHOENIX & von GONTARD, P.C.

By:    */s/ Clayton G. Kuhn*
    Clayton G. Kuhn, #6298490
    Zachary S. Merkle, #6322707
    600 Washington Avenue - 15th Floor
    St. Louis, MO  63101-1313
    314-231-3332
    314-241-7604 (Fax)
    ckuhn@sandbergphoenix.com
    zmerkle@sandbergphoenix.com

*Attorney for Defendants*

13490408.v2

## CERTIFICATE OF SERVICE

   The undersigned certifies that on May 29, 2020, a copy of the foregoing was filed and thereafter served using the Court's electronic filing system on the following counsel of record for Plaintiff:

Andrew W. Covey
Acovey1@hotmail.com

Jeana K. Reinbold
jeana@jeanareinboldlaw.com

                */s/ Clayton G. Kuhn*

13490408.v2