**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| In re:<br>I80 Equipment, LLC<br><br>       Debtor(s). | Case No. 17-81749<br><br>Chapter 7 |
| Jeana K. Reinbold, solely as Chapter 7 Trustee of the Estate of I80 Equipment, LLC<br><br>       Plaintiff,<br><br>v.<br><br>WALMART INC. d/b/a WAL-MART and SAM'S CLUB, a Delaware corporation, SAM'S EAST, INC. d/b/a SAM'S CLUB, an Arkansas corporation, SAM'S EAST, INC. d/b/a SAM'S CLUB, a Delaware corporation, SAM'S WEST, INC. d/b/a SAM'S CLUB, a Delaware corporation and SAM'S WEST, INC. d/b/a SAM'S CLUB, an Arkansas corporation<br><br>       Defendants | AP. No.  19-8122 |

## MOTION TO APPROVE COMPROMISE

NOW COMES Jeana K. Reinbold, solely as Chapter 7 Trustee ("TRUSTEE") of the bankruptcy estate ("ESTATE") of I80 Equipment, LLC ("DEBTOR") pursuant to Bankruptcy Rule 9019 and hereby moves the Court for an order approving a compromise between the TRUSTEE on behalf of the ESTATE and Walmart Inc., a Delaware corporation ("WALMART") on behalf of the WALMART ENTITIES (as defined herein) regarding avoidance and recovery of certain pre-petition transfers made by the DEBTOR. In support of this Motion, the TRUSTEE respectfully alleges:

## Background

1. The DEBTOR filed a petition for relief under Chapter 7 of the United States Bankruptcy Code on December 6, 2017. The TRUSTEE was appointed chapter 7 trustee of the ESTATE on said date.

2. On December 5, 2019, the TRUSTEE filed a Complaint naming as Defendants WALMART; Sam's East, Inc. d/b/a Sam's Club, an Arkansas corporation; Sam's East, Inc. d/b/a Sam's Club, a Delaware corporation; Sam's West, Inc. d/b/a Sam's Club, an Arkansas corporation; and Sam's West, Inc. d/b/a Sam's Club, a Delaware corporation (collectively "DEFENDANTS") in Adversary Proceeding 19-8122 in the Court as Doc. 1 ("COMPLAINT") seeking in part to avoid transfers made by the DEBTOR to the DEFENDANTS in the amount of $33,353.44 and entry of a judgment against the DEFENDANTS for said amount plus court costs (DEFENDANTS, and any and all of their parents, affiliates and subsidiaries shall collectively be referred to herein as the "WALMART ENTITIES").

3. The DEFENDANTS dispute the TRUSTEE'S above claims.

## Summary of Settlement

4. Subject to approval of the Court, the parties have reached a compromise of the above issues. A summary of the compromise follows (a true and accurate copy of the Settlement and Release Agreement ("AGREEMENT"), which sets forth the complete terms of the compromise, is attached hereto as Exhibit "A"):

WALMART shall pay the sum of $13,500.00 ("SETTLEMENT AMOUNT") to the TRUSTEE within thirty (30) days after entry of a final nonappealable Order approving the AGREEMENT. The SETTLEMENT AMOUNT will be held by the TRUSTEE free and clear of all liens, encumbrances and interests and for the benefit of administrative, priority and general unsecured creditors.

Upon the entry of said Order and timely payment in full of the SETTLEMENT AMOUNT to the TRUSTEE:

(1) WALMART shall be allowed a timely general unsecured claim in the amount of the SETTLEMENT AMOUNT, if such claim is filed within thirty (30) days after entry of the above Order;

(2) the TRUSTEE on behalf of the ESTATE shall be deemed to have released the WALMART ENTITIES and other named persons and their successors and assigns from all claims, which release however will not affect the TRUSTEE'S claims against certain parties ("Adversary Defendants"), including without limitation any claims against the Adversary Defendants in certain adversary proceedings currently pending in this Court;

(3) The WALMART ENTITIES shall be deemed to have released the TRUSTEE and the ESTATE and other named persons and their successors and assigns from all claims, excepting the WALMART'S right to receive distributions as a general unsecured creditor in the amount of the SETTLEMENT AMOUNT as set forth above; and

(4) the TRUSTEE shall file a motion to dismiss the COMPLAINT with prejudice with all parties to bear their own fees and costs.

## Reasonableness of Settlement

Despite the respective positions of the parties, and each party's view that the facts favor their position, the parties recognize that the matter cannot be known with certainty without further discovery and trial. The process would entail substantial cost, delay and risk to both sides.

In light of the substantial delay, cost and risk to the ESTATE, and the reasons discussed herein, the TRUSTEE believes that the proposed compromise described herein is fair and reasonable.

WHEREFORE, the TRUSTEE respectfully prays that the Court enter an order:

A. Granting this Motion and approving the AGREEMENT as being in the best interests of the ESTATE;

B. Directing the parties to perform all acts to conclude the compromise described within; and

C. Granting such other relief as is just.

> Jeana K. Reinbold, solely as Chapter 7 Trustee of the Bankruptcy Estate of I80 Equipment, LLC, Plaintiff
>
> By: /s/ Andrew W. Covey
>      One of her attorneys

PROOF OF SERVICE

      The undersigned certifies that on February 13, 2021, the foregoing instrument was filed electronically with the Court and that a copy was served upon anyone who has electronically entered their appearance in this case.

                                    */s/ Andrew W. Covey*

*Andrew W. Covey*
*Attorney for Trustee*
*416 Main Street  Ste. 700*
*Peoria, IL  61602*
*(309) 674-8125*
*#06183817*